UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK ANTHONY HENDERSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 3:18-cv-298 (SRU) |
| : | |
| LIEUTENANT TUTTLE, et al., : | |
|     Defendants. : | |

## ORDER OF DISMISSAL

On February 20, 2018, Mark Anthony Henderson, an inmate currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, brought a civil rights complaint under 42 U.S.C. §§ 1983, 1986, and 1988 against eleven employees of the Connecticut Department of Correction ("DOC") for various violations of his First and Eighth Amendment rights. He is suing all defendants in their individual and official capacities and seeks monetary and injunctive relief. He also seeks a prejudgment remedy. *See* Compl., Doc. No. 1, at 22. On March 7, 2018, the court, *Garfinkel, J.*, granted Henderson's motion to proceed *in forma pauperis*. *See* Doc. No. 8. Because Henderson's complaint fails to comply with Fed. R. Civ. P. 8 and 20, I dismiss his complaint without prejudice subject to refiling of a proper amended complaint.

I. Standard of Review

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise and direct." The purpose of Rule 8 is to provide the defendants with a fair understanding of the nature of the plaintiff's claims and "to confine discovery and the presentation of evidence at trial within reasonable bounds." *Cooke v. Deschaine*, 2016 WL 3579070, at *2 (D. Conn. June 28, 2016) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16, (N.D.N.Y. 1995)). If a complaint raises claims against multiple defendants, it must also comply with Rule 20. *See id.* at *3. Rule 20(a)(2) permits joinder of multiple defendants in a single action only if two criteria are satisfied: (1) the claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008).

II. Analysis

Henderson's complaint spans twenty-three pages and details events that occurred over an eight-month period at two different prison facilities: Northern Correctional Institution and MacDougall-Walker Correctional Institution. Based on my review of his complaint, Henderson is raising four separate sets of claims. First, he contends that defendants Tuttle, Blackstock, Duncan, Michaud-Alvarez, and Faneuff acted with excessive force and subjected him to unconstitutional conditions of confinement by pepper spraying him, rejecting his request to shower in order to wash away the chemical agent, and then restraining him in a cell with a broken toilet with overflowing urine and feces. Compl., Doc. No. 1, at ¶¶ 66-69. Second, he is suing nurses Vicky, Barbara, and Pam and Dr. Carson Wright for acting with deliberate indifference to his serious medical needs by failing to timely and adequately respond to his requests for treatment of his medical issues. *Id.* at ¶¶ 70-73. Third, he claims that defendants Liebel, Vicky, and Faneuff violated his Eighth Amendment protection against cruel and unusual punishment by failing to fix the broken emergency call button system in the prison. *Id.* at ¶¶ 70, 74, 76. Finally, he is suing defendant Jerome for retaliating against him by filing a false non-compliance of medication order, in violation of his First Amendment rights. *Id.* at ¶ 75.

These four sets of claims do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). They involve separate constitutional claims against different defendants based on their own distinct set of facts. *See Townsend v. Correction Officer Muckle*, 2017 WL 5606745, at *4 (D. Conn. Nov. 21, 2017 (dismissing complaint raising six sets of claims against multiple defendants); *Webb v. Maldonado*, 2013 WL 3243135, at *3 (D. Conn. Jun. 26, 2013) (prisoner's Eighth Amendment excessive force claim

against some defendants not properly joined with First Amendment claim against other defendants relating to possession of sexually explicit materials). Therefore, I will dismiss the complaint without prejudice and grant Henderson leave to file an amended complaint.

## ORDERS

(1) The complaint is **DISMISSED without prejudice** for failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. The clerk shall send Henderson a copy of this order and a copy of the complaint.

(2) Within **thirty (30) days** of the date of this order, Henderson shall file an amended complaint which raises ONE of the four sets of claims described above. Henderson may pursue any claim or sets of claims not included in the amended complaint in a separate lawsuit. **Failure to file an amended complaint within thirty (30) days of the date of this order will result in the dismissal of this action with prejudice.**

(3) Henderson's request for a prejudgment remedy is **DENIED without prejudice** in light of his failure to file a proper complaint under Fed. R. Civ. P. 8 and 20.

It is so ordered.

Dated at Bridgeport, Connecticut this 26th day of April 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge