UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK A. HENDERSON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     Case No. 3:18-cv-298 (SRU) |
| LIEUTENANT TUTTLE, et al.,<br>    Defendants. | :<br>:<br>: |

**RULING ON PENDING MOTIONS**

On May 11, 2018, the plaintiff, Mark A. Henderson, an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed an amended civil rights complaint *pro se* under 42 U.S.C. § 1983 against five Connecticut Department of Correction ("DOC") officials claiming violations of his Eighth Amendment protection against cruel and unusual punishment. Am. Compl., Doc. No. 13. I permitted his Eighth Amendment claims for excessive force and inhumane conditions of confinement to proceed against three of the defendants in their individual capacities for damages: Lieutenant Tuttle, Lieutenant Blackstock, and Warden Faneuff. Initial Review Order, Doc. No. 14, at 10. The defendants answered the amended complaint on January 4, 2019. Answer, Doc. No. 27. The following motions are pending in this action:

      Henderson's Motion to File Second Amended Complaint, Doc. No. 17
      Henderson's Motion for Prejudgment Disclosure of Assets, Doc. No. 21
      Henderson's Motion for Prejudgment Remedy, Doc. No. 22
      Henderson's Motions for Contempt, Doc. Nos. 24, 31
      Henderson's Motions for Telephonic Status Conference, Doc. Nos. 34, 36, 38
      Henderson's Motion for Extension of Time to Complete Discovery, Doc. No. 35
      Defendants' Motion for Extension of Time to Complete Discovery, Doc. No. 37

    I.    Motion to Amend Complaint (Doc. No. 17)

A plaintiff may amend his complaint once as a matter of right within twenty-one days after service of the complaint or, if a responsive pleading is required, within twenty-one days

after service of the responsive pleading. *See* Fed. R. Civ. P. 15(a). In all other cases, the plaintiff may amend his complaint only with the Court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that permission to amend a complaint "shall be freely given when justice so requires." "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (internal quotations omitted).

Henderson has already amended his complaint, and thus, seeks leave to file a second amended complaint in what appears to be an attempt to cure the deficiency of his claim for injunctive relief. He sought an injunction ordering the defendants to provide him with orthopedic examination and treatment for an injury to his right leg, which he allegedly suffered from the defendants' action of placing him in in-cell restraints. *See* Am. Compl., Doc. No. 13 at 14. I dismissed the claim for injunctive relief because (1) Henderson had been transferred out of the facility where the alleged Eighth Amendment violations occurred, and (2) he failed to allege any facts showing that he informed the defendants about his leg injury. Initial Review Order, Doc. No. 14 at 6. Although he alleges additional facts regarding his leg injury in the proposed second amended complaint, Henderson has not cured either of those factual deficiencies. There are no allegations that defendants Tuttle, Blackstock, and Faneuff ever became aware of Henderson's leg injury. The Eighth Amendment claims against them are grounded in their use

2

of pepper spray without justification and their decision to place him in a restrictive confinement cell with extremely unsanitary conditions. *See id.* at 7-9. Thus, because Henderson has failed to cure the factual deficiencies of his claim for injunctive relief, his motion to file a second amended complaint (doc. no. 17) is **DENIED**. The case will proceed on the amended complaint, Doc. No. 13.

   II. Motions for Prejudgment Disclosure of Assets and Remedy (Doc. Nos. 21, 22)

Before the defendants answered the amended complaint, Henderson filed a motion for prejudgment disclosure of the defendants' assets and a prejudgment remedy in the amount of $9,000. Mot. Prej. Discl., Doc. No. 21; Mot. Prej. Remedy, Doc. No. 22. He argues that "there is probable cause that a judgment will be rendered . . . in [his] favor" and requests a hearing to determine whether such probable cause exists. Mot. for Prej. Discl., Doc. No. 21 at 1. The defendants filed objections to both motions, contending that the State of Connecticut has indemnified them pursuant to Connecticut General Statutes § 5-141d, and therefore, the disclosure of assets and issuance of any prejudgment remedy are unwarranted. Obj. to Mot. for Prejudgment Disclosure of Property and Assets, Doc. No. 29; Obj. to Appl. for Prejudgment Remedy, Doc. No. 30.

Although the defendants are correct that the state has indemnified them and that any money damages will be paid by the state, neither party has fully addressed whether good cause warrants prejudgment disclosure, attachment, and/or monetary damages. "[A] prejudgment remedy is 'intended to secure the satisfaction of a judgment should the plaintiff prevail.'" *Roberts v. TriPlanet Partners, LLC*, 950 F. Supp. 2d 418, 420 (D. Conn. 2013) (quoting *Cendant Corp. v. Shelton*, 2007 WL 1245310, at *2 (D. Conn. Apr. 30, 2007)). Federal Rule of Civil

Procedure 64 authorizes a plaintiff to use the state prejudgment remedies available to him to secure a judgment. *Id.* Pursuant to Connecticut General Statutes § 52-278d(a), a prejudgment remedy is appropriate:

> [i]f the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the [movant] has shown probable cause that such a judgment will be rendered in the matter in the [movant's] favor in the amount of the prejudgment remedy sought. . . .

Probable cause is a "bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *Roberts*, 950 F. Supp. at 421 (quoting *Walpole Woodworkers, Inc. v. Atlas Fencing, Inc.*, 218 F. Supp. 2d 247, 249 (D. Conn. 2002)). At this stage of the litigation, Henderson has not shown probable cause that a judgment will likely be rendered in his favor. He has not even explained how he arrived at a claim for damages in the amount of $9,000. Therefore, the motions for prejudgment disclosure and prejudgment remedy (doc. nos. 21, 22) are **DENIED**.

### III. Motions for Contempt (Doc. Nos. 24, 31)

Although labeled as a "Motion for Contempt," Henderson's first motion (doc. no. 24) seeks an order compelling the defendants to respond to and produce certain requested discovery materials, including requests for admissions, interrogatories, and other "exhibits." Mot. for Contempt, Doc. No. 24, 1-2. He claims that he has provided defense counsel with all those requests, but the defendants have not responded. *Id.* at 2. The defendants object to the motion. Obj. to Mot. for Contempt, Doc. No. 28. Henderson's second motion for contempt (doc. no. 31)

4

appears grounded in the defendants' failure to respond to the motions for prejudgment disclosure and remedy.

A motion for contempt is appropriate only when a party has disregarded an order of the Court. Neither of Henderson's motions involve a substantial failure to comply with a court order. Accordingly, both motions (doc. nos. 24, 31) are **DENIED.**

IV. Motions for Status Conferences (Doc. Nos. 34, 36, 38)

Henderson has filed three motions seeking a status conference with the defendants. I do not agree that a status conference is warranted at this time given that Henderson has filed a motion seeking more time to complete his discovery. Therefore, the motions for a status conference (doc. nos. 34, 36, 38) are **DENIED**.

V. Motions for Extension of Time to Complete Discovery (Doc. Nos. 35, 37)

Both parties have filed motions for extensions of time with respect to discovery. Henderson seeks an additional 90 days to complete discovery. Mot. for Ext. of Time, Doc. No. 35. At the time the motion was filed (January 31, 2019), the discovery deadline, March 20, 2019, had not yet lapsed. It is not clear whether he is seeking an additional 90 days from the date of his filing, or the date of the discovery deadline. Nevertheless, Henderson's motion is **GRANTED** and the discovery deadline is extended until July 17, 2019. Accordingly, the dispositive motions deadline is extended until August 19, 2019.

The defendants' motion for extension of time to respond to discovery (doc. no. 37) is **GRANTED** nunc pro tunc.

**ORDERS**

(1) The motion to amend the complaint (doc. no. 17) is DENIED. The case will

proceed on the amended complaint, Doc. No. 13.

(2) The motion for prejudgment asset disclosure (doc. no. 21) and motion for prejudgment remedy (doc. no. 22) are DENIED.

(3) Both motions for contempt (doc. nos. 24, 31) are DENIED.

(4) The motions for status conferences (doc. Nos. 34, 36, 38) are DENIED.

(5) The motions for extension of time to complete discovery (doc. Nos. 35, 37) are GRANTED. Discovery must be completed no later than July 17, 2019. Dispositive motions must be filed no later than August 19, 2019. No further extensions will be granted absent a showing of good cause.

So ordered.

Dated at Bridgeport, Connecticut, this 10th day of May 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge